KATHRYN N. NESTER, Federal Defender (#13967)
L. CLARK DONALDSON, (#4822)
Attorneys for Sandra Herrera-Villa
**FEDERAL PUBLIC DEFENDER DISTRICT OF UTAH**
46 West Broadway, Suite 110
Salt Lake City, Utah  84101
Telephone: (801) 524-4010

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
NOV 07 2012
D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| Plaintiff, | : | |
| vs. | : | |
| SANDRA HERRERA-VILLA, | : | Case No. 2:12-CR-603 DN |
| Defendant. | : | Chief Magistrate Judge Wells |

    I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

    1.    I intend to plead guilty to Count 5 of the Superseding Indictment charging a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me.

    1(a).    The elements of Count 5 of the Superseding Indictment are (1) that in the Central Division of the District of Utah, (2) the defendant, (3) knowingly or intentionally, (4) distributed a controlled substance or aided and abetted another in the distribution of a controlled substance, (5) that the controlled substance was a schedule II controlled substance, i.e., methamphetamine, (6) in the amount of fifty (50) or more grams of a mixture of methamphetamine.

    2(a).    I know that the maximum possible penalty provided by law for Count 5 of the Superseding Indictment, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), distribution of fifty grams or more of a mixture of methamphetamine is a term of imprisonment of up to forty (40) years, a minimum mandatory sentence of five (5) years,

a fine of $5,000,000.00, or both, and a term of supervised release of at least four years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

2(b).   Additionally, I know the court is required to impose an assessment in the amount of $100.00 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offense may be ordered pursuant to 42 U.S.C. § 1383a(b)(1).

3.   I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation my attorney or I may have made, and I will not be able to withdraw my plea if this occurs.

4.   I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.   I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6.   I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a).   I have a right to the assistance of counsel at every stage of the proceeding.

(b).   I have a right to see and observe the witnesses who testify against me.

(c).   My attorney can cross-examine all witnesses who testify against me.

(d).   I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e).   I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f).   If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g).   The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h).   It requires a unanimous verdict of a jury to convict me.

    (i). If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

    On September 19, 2012, in West Valley City, Utah, I carried a purse containing at least fifty (50) grams of a mixture of methamphetamine from a Toyota Prius to the vehicle of a person who I believed intended to buy the drugs. This occurred in a parking lot near a Harmon's grocery store in West Valley City, Utah. I delivered these drugs to assist another person who had arranged to sell them for cash. Once I and the person who had arranged this drug sale were at the car of the drug purchaser, I was shown a bag containing cash and I then gave the bag of drugs to the purchaser. I was then arrested by narcotics agents. I knew that I was assisting another person to sell a mixture of methamphetamine. I admit that my conduct violated 21 U.S.C. §§ 841(a)(1)&(b)(1)(B).

12. This plea is entered pursuant to Rule 11 of the Federal Rules of Criminal Procedure. There is no agreement between the defendant and the United States pertaining to this plea.

13. I understand that, if appropriate, the Court may order restitution payments. If it does, I understand that the schedule of restitution payments will be determined as a part of the sentencing proceedings, and my lawyer has explained the consequences of an order of restitution.

14. I understand that the government may seek to forfeit any interest I may have in real or personal property or proceeds derived directly or indirectly from my criminal conduct in this case. I understand that this is a possible consequence of my guilty plea.

        \*    \*    \*    \*

I make the following representations to the Court:

1. I am 22 years of age. My education consists of twelve years of education and I received a high school diploma. I can understand English but Spanish is my primary language.

2. As represented in this Statement in Advance, there are no agreements between me and the government.

2. No one has made threats, promises, or representations to me that have caused me to plead guilty.

3. My attorney has not represented to me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this document because all the statements are correct.

DATED this 7th day of November 2012.

_____
SANDRA HERRERA-VILLA
Defendant


I certify that I have discussed this statement with the defendant, that I have fully explained her rights to her, and I have assisted her in completing this form. I believe that

she is knowingly and voluntarily entering the plea with full knowledge of her legal rights and that there is a factual basis for the plea.

DATED this 7th day of November 2012.

_____
L. CLARK DONALDSON
Attorney for Defendant